FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 8 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10 - CV - 01787

MIKEAL GLENN STINE,

    Plaintiff,

v.

BLAKE DAVIS, Warden ADX, Florence, and
U.S. FEDERAL BUREAU OF PRISONS,

    Defendants.

## ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION AND DISMISSING THE ACTION

    Plaintiff Mikeal Glenn Stine is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX Florence. Mr. Stine, acting *pro se*, has filed a "Motion for Leave to File 28 U.S.C. § 1331 Emergency Action Stating Imminent Danger" and a certified copy of his prisoner account statement. For the reasons stated below, Mr. Stine is restricted from proceeding pursuant to § 1915 and from filing this action.

    In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Mr. Stine has filed more than three actions in a court of the United States while he was incarcerated or detained in any facility that were dismissed

as frivolous or for failure to state a claim. *Stine v. Collins, et al.*, No. 08-cv-00298-ZLW (D. Colo. Mar. 4, 2008) (dismissed as frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B)(i)), *aff'd*, No. 08-1078 (10th Cir. June 4, 2008) (district court's dismissal counts as a strike under 28 U.S.C. § 1915(g)); *Stine v. Wiley, et al*, No. 07-cv-00102-ZLW (D. Colo. Feb. 8, 2007) (dismissed as frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B)(i)); *Stine v. Reeves*, No. 07-cv-00581-PGR-MHB (D. Ariz. Apr. 2, 2007) (dismissed for failure to state a claim within the purview of 28 U.S.C. § 1915(g)).

To determine whether Mr. Stine is "under imminent danger of serious physical injury," the Court looks to the allegations in Mr. Stine's Motion. *See Ibrahim v. Dist. of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006). In addition, the Court liberally construes Mr. Stine's claims, accepting the allegations as true. *See Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (noting that the court construe "a pro se complaint liberally" and "must accept the allegations of the complaint as true" (quotation omitted)). In order to meet the "imminent danger" requirement, "the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7TH Cir. 2003). In other words, allegations of past injury or harm are insufficient, *see id.*, as are vague and conclusory assertions of harm, *see White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). To fall within the exception, Mr. Stine's Complaint must therefore contain "***specific*** fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).

2

In the instant action, Mr. Stine argues that Defendants refuse to provide him with "adequate" shoes and clothing. Mr. Stine's claims of imminent danger regarding inadequate shoes and clothing are conclusory and vague. Furthermore, he does not assert that the individuals named as parties to this action are responsible for denying him adequate shoes and clothing.

Therefore, because Mr. Stine fails to assert that he is in imminent danger, and because he has filed at least three actions that were dismissed as legally frivolous or for failure to state a claim, he is restricted from proceeding pursuant to 28 U.S.C. § 1915. Mr. Stine also is subject to the filing restrictions entered in *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM at Doc. Nos. 344 and 350 (D. Colo. Sept. 1, 2009) (unpublished). Mr. Stine has not complied with the filing restrictions set forth in Case No. 07-cv-01839-WYD-KLM. Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice.

DATED at Denver, Colorado, this 28th day of July, 2010.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge, for
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-CV-01787

Mikeal Glenn Stine
Reg. No. 55436-098
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/28/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk